W. Monroe STEPHENSON,
Plaintiff–Appellant,

v.

PAINE, WEBBER, JACKSON & CURTIS, INC. and James E. Welch,
Defendants–Appellees.

No. 86–3515.

United States Court of Appeals,
Fifth Circuit.

June 7, 1988.

Rehearing and Rehearing En Banc
Denied June 7, 1988.

Michael J. Mestayer, New Orleans, La., for Stephenson.

Phillip A. Wittmann, Stephen H. Kupperman, George C. Freeman, III, New Orleans, La., for Paine, et al.

Robert J. Fineran, Mandeville, La., James E. Welch, Metairie, La., for James E. Welch.

Before WISDOM, GARWOOD, and JONES, Circuit Judges.

PETITION FOR PANEL REHEARING

EDITH H. JONES, Circuit Judge:

Appellant Stephenson petitioned for panel rehearing of our decision affirming the district court's dismissal of his securities fraud claims. *Stephenson v. Paine Webber Jackson & Curtis, Inc.*, 839 F.2d 1095 (5th Cir.1988). The only significant contention he makes in his petition is that the panel failed to consider his claim brought under § 12(2) of the Securities Act of 1933, 15 U.S.C. § 77(*l*)(2).

In a § 12(2) action, the plaintiff bears the burden of proving, *inter alia*, that a material misstatement or omission was made by the seller in connection with an offer or sale of securities. *Hill York Corp. v. American Int'l Franchises, Inc.*, 448 F.2d 680, 695–96 (5th Cir.1971). As best we can tell, Stephenson asserted that the same facts giving rise to violations of Rule 10(b)–5 also underpin his § 12(2) claim. The district court dismissed all of Stephenson's claims, including the § 12(2) claim, pursuant to Federal Rule of Civil Procedure 41(b) after finding that Stephenson had not carried his burden of establishing unlawful trades as to *any* of the claims. In affirming the district court's dismissal, we stated unambiguously that "plaintiff has not succeeded in demonstrating that *any* trades were 'unauthorized' as that term is legally defined." 839 F.2d at 1101 (emphasis added). Thus, although the § 12 claim was not separately analyzed in the panel's opinion, it was properly considered and resolved under this general finding.

There is no merit in the remainder of the petition for rehearing, consequently,

Appellants' petition for panel rehearing is DENIED.